UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LELA STOVALL,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Criminal No. 01-80075
Civil No. 04-73866

Hon. John Corbett O'Meara

## OPINION AND ORDER DENYING
## PETITIONER'S MOTION TO VACATE SENTENCE

Before the court is Petitioner Lela Stovall's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255, filed on September 30, 2004. The government filed a response on October 27, 2004, and Stovall filed a brief in support of her motion on November 29, 2004. Stovall cites four grounds for relief: ineffective assistance of counsel, violation of 18 U.S.C. § 3663 because her required restitution payments represented intended losses in addition to her victims' actual losses, an unlawful restitution because she was required to pay restitution for counts that were dismissed, and a Sixth Amendment violation. For the following reasons, her petition is denied.

### Background

Stovall was charged, along with 19 co-defendants, in 79 counts of an 88 count indictment alleging a number of charges that included conspiracy, forgery, identity theft, credit fraud and bank fraud. On October 9, 2001, Stovall pled guilty to two counts of conspiracy and bank fraud. She signed a Rule 11 plea agreement which stated that the remaining counts would be dismissed but considered relevant conduct in determining her sentence.

The plea agreement capped the sentence at 51 months and waived Stovall's right to appeal any of the stipulated guideline factors. Stovall's guideline range was calculated at 77 to 96 months by the Probation Department. The plea agreement was amended and the district court accepted the 77 month sentence as calculated by the Probation Department. Stovall stipulated in the plea agreement that restitution would be ordered in the amount of $207,298.33, liability to be joint and several with co-defendants.

## Law and Analysis

To warrant relief under § 2255, Stovall "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003). Relief is warranted only when a petitioner shows "a fundamental defect which inherently results in a miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974). A restitution award may be challenged in a § 2255 petition. Weinberger v. United States, 268 F.3d 346 (6th Cir. 2001).

I. Ineffective Assistance of Counsel

In order to show a violation of the Sixth Amendment right to effective assistance of counsel, Stovall must demonstrate that "counsel's performance was deficient …[and] that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). In determining whether counsel's performance was deficient,

> [t]he court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance….At the same time, the court should recognize that counsel is strongly resumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 466 U.S. at 690.  The defense was prejudiced if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

      Stovall has failed to show that her attorney's failure to object to the restitution amount was so deficient that it effectively denied her of her constitutional right to counsel.  Moreover, she has not shown that the result of the proceeding would have been any different if the attorney had objected to the restitution amount.  The key factor here is that Stovall explicitly agreed that the restitution amount was accurate in her plea agreement.  Stovall has not shown that her attorney had reason to believe this amount was incorrectly calculated.  An attorney's failure to raise a futile argument does not constitute ineffective assistance of counsel. Harris v. United States, 204 F.3d 681, 683 (2000).  In her petition, Stovall objects to the total amount of restitution because she alleges it includes actual and attempted losses totaling $207,298.33, and restitution should only cover actual losses.  However, Stovall cannot later challenge a restitution amount agreed upon in the plea agreement. United States v. Stovall, 337 F.3d 570, 573 (6th Cir. 2003).  Stovall had the option of withdrawing her plea if she did not understand or agree with the terms outlined in it.  Stovall has failed to prove that but for her counsel's alleged errors, she would not have accepted the plea and its terms.  Accordingly, Stovall's ineffective assistance of counsel claim fails.

II. Violation of 18 U.S.C. § 3663 and Restitution for Dismissed Counts

      Stovall argues that restitution amount was unlawfully calculated because it took into consideration relevant conduct in dismissed claims and also included attempted, not actual, losses.  These claims fail on two separate grounds.  First, Stovall waived her right collaterally

attack her sentence, which includes the restitution award, in her plea agreement.  Moreover, even if she were able to pursue a collateral attack, her failure to raise these issues on direct appeal resulted in their procedural default.

The plea agreement provided, "Defendant agrees not to appeal or otherwise challenge in any proceeding the accuracy of any factor stipulated to in this agreement or the attached worksheets."  Stovall stipulated that to the total restitution amount in the attached worksheets.  A defendant's knowing and voluntary waiver of her right to pursue collateral relief in a plea agreement will preclude her ability to file a subsequent § 2255 motion. Davila v. United States, 258 F.3d 448, 450 (6th Cir. 2001); Watson v. United States, 165 F.3d 486, 488-89 (6th Cir. 1999).

Furthermore, failure to raise a claim on direct appeal results in a procedural default of the claim in a subsequent § 2255 petition. Bousley v. United States, 523 U.S. 614, 621 (1998); Peveler v. United States, 269 F.3d 693, 698 (6th Cir. 2001); Phillip v. United States, 229 F.3d 550, 55 (6th Cir. 2000).  This rule applies to restitution amounts not challenged on direct appeal as well as convictions.  Turner v. United States, 1999 U.S. App. LEXIS 23191 (6th Cir.1999).  Since Stovall did not challenge the restitution amount on direct appeal, she is precluded from raising the issue subsequently.

III. Sixth Amendment Violation

In her plea agreement, Stovall waived her right to challenge the constitutionality of the sentencing guidelines.  The agreement stated, "Defendant agrees not to appeal or otherwise challenge in any proceeding the constitutionality or legality of any part of the sentencing guidelines."  Even if she did not waive her ability to make this collateral attack, her Sixth

Amendment claim would still fail.  Stovall incorrectly relies on recent Supreme Court case law to collaterally attack her sentence and assert her right to a jury trial.  See Blakely v. Washington, 124 S.Ct. 2431 (2004); United States v. Booker, 125 S.Ct. 738 (2005).  Booker does not apply retroactively to provide relief for petitioners submitting petitions pursuant to § 2255.  Humphress v. United States, 398 F.3d 855 (6th Cir. 2005).

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's September 30, 2004 Motion under 28 U.S.C. § 2255 is **DENIED**.

        s/John Corbett O'Meara
        John Corbett O'Meara
        United States District Judge

Dated:  July 6, 2005